Case 16-20722-TPA    Doc 87    Filed 04/08/16    Entered 04/08/16 14:41:54    Desc Main
Document    Page 1 of 3

FILED
4/8/16 2:33 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

SHERIDAN BROADCASTING : Case No. 16-20722-TPA
NETWORKS, INC., :
*Debtor* : Chapter 11

NBN BROADCASTING, INC., : Related to Doc. No. 9
*Movant* :
:
v. :
:
SHERIDAN BROADCASTING :
NETWORK, INC., :
*Respondent* :

## ORDER

AND NOW, this *8th* day of *April, 2016*, following an evidentiary hearing and final argument on the ***Emergency Motion of NBN Broadcasting, Inc. for Relief from the Automatic Stay to Enforce the Terms of a Settlement Agreement between NBN Broadcasting, Inc. and Sheridan Broadcasting Networks, Inc. in the United States District Court for the Western District of Pennsylvania*** ("Motion"), Doc. No. 9, it is **ORDERED, ADJUDGED** and **DECREED** that, based on the facts adduced at the time of the evidentiary hearing in light of the applicable law, the *Motion* is **GRANTED**, as follows:

(1)     The Court finds that the October 23, 2015 Settlement Agreement between the Debtor and NBN Broadcasting, Inc. ("NBN") provided that if the Debtor were to make the third payment to NBN by March 1, 2015, the partnership interest of NBN in American Urban Radio Network ("AURN") would be immediately and automatically transferred to the Debtor without any

1

further condition, but upon the failure of the Debtor to timely make the third payment to NBN the partnership interest of the Debtor in AURN would be immediately and automatically transferred to NBN without any further condition

(2)    The Court further finds that the filing of the Debtor's bankruptcy petition on March 1, 2015, occurred prior to the expiration of the time for the Debtor to make the third payment under the Settlement Agreement.

(3)    The Court further finds that *11 U.S.C. §108(b)* applies in this case and acts to extend the deadline for the Debtor to make the third payment under the Settlement Agreement to April 30, 2016, and if the Debtor does so the partnership interest of NBN in American Urban Radio Network ("AURN") would be immediately and automatically transferred to the Debtor without any further condition.

(4)    Assuming for the sake of argument, without deciding, that equitable considerations may be invoked in a particular case to shorten or eliminate the additional time to act as would otherwise be provided by *11 U.S.C. §108(b)*, the Court finds that such circumstances do not exist in the present case in light of the Agreed Order of Protection entered at Doc. No. 65 and other protective safeguards the Court is prepared to implement upon motion with cause shown.

(5)    If the deadline of April 30, 2016 passes without the Debtor making the third payment in full to NBN, the Court finds that under the clear terms of the Settlement Agreement the partnership interest of the Debtor in AURN immediately and automatically transfers to NBN without any further condition, and consequently since the Debtor retains no further proprietary

interest or right in the asset in question, in that event, NBN is ***granted relief from stay effective May 1, 2016,*** for cause shown under *11 U.S.C. §362(d)(1)*, as ably articulated by Counsel for NBN in his final argument – which "reasons" the Court adopts – allowing NBN to take such steps as may be necessary to enforce its rights in the AURN partnership.[1]

(6)    The Court is entering this Order without an opinion because of the time exigency involved, but it reserves the right to issue an opinion setting forth its reasoning in further detail should either Party take an appeal.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
David Fuchs, Esq.
Luke Sizemore, Esq.
Debtor

---

[1]    NBN had asked that if the Court were to grant relief from the automatic stay that it also waive the 14-day stay of the order as provided for in *Fed.R.Bankr.P. 4001(a)(3)*. However, the Court views that as unnecessary since the 14-day period commences running with the issuance of the order granting relief from the automatic stay, which means such period will already have expired by May 1st.